# In the United States Court of Federal Claims

**ELECTRONIC CASE FILING**
**(Filed April 23, 2004)**

| | | |
|---|---|---|
| **NIAGARA MOHAWK POWER CORPORATION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 04-124-DGS** |
| **v.** | ) | **(Judge Diane Sypolt)** |
| | ) | |
| **THE UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF NIAGARA MOHAWK POWER CORPORATION'S COORDINATED DISCOVERY REPORT**
**PURSUANT TO THE COURT'S ORDER DATED APRIL 13, 2004**

Pursuant to this Court's Order regarding "Pre-Discovery Conference New SNF Cases" dated April 13, 2004, Plaintiff, Niagara Mohawk Corporation ("Niagara Mohawk"), provides this pre-discovery report with respect to this individual case. Although the Government has not filed any answer or motion to stay in this case, Plaintiff notes generally that it is not in favor of joint or coordinated discovery in this case. Plaintiff is not opposed to a stay of proceedings of a limited duration in this case, but reserves the right to respond to any motion for stay if and when it is filed. Plaintiff responds to the Court's four inquiries as follows:

1. *The Nature and Scope of Discovery Plaintiff Anticipates Needing to Respond to the Government's Standard Dispositive Motion on the Rate of Acceptance* – Unlike the spent nuclear fuel ("SNF") cases that have been pending before this Court for years, Plaintiff's case involves a nuclear plant that has been sold and the diminution of the value of the plant caused by the Government's failure to comply with its obligations under the Nuclear Waste Policy Act of 1982, 42 U.S.C. § 10101 et seq. ("NWPA"). The Plaintiff is not aware of any intention on the part of the Government to file its "Standard Dispositive Motion" on the rate of SNF acceptance in this case. If the Government does file such a motion in this case, to the extent such a motion does not raise issues that were not present in connection with the motion in cases in which discovery has been taken, whether because of the posture of this case or the position of the Government, Plaintiff believes that the discovery conducted in previously filed cases relative to the SNF acceptance rate is applicable and should be utilized in this case. Plaintiff reserves the right to seek supplemental responses to discovery requests in previously filed cases, new documents, and deposition testimony related to such responses and documents. Moreover, to the extent new issues were raised by the Government, additional discovery would be necessary; however, Plaintiff does not believe that joint or coordinated discovery would be appropriate.

2. *Any Circumstance that Might Affect the Timing of Discovery or Trial* – The Government sought and received an extension of time to answer in this case to April 19, 2004, and on that day requested a second extension, which will not be resolved as of the date of this filing. In addition, the Government has not moved for a stay of proceedings in this case, as it has in other cases. Because the Government has not filed an answer or motion in this case, the Government's position is unknown and Plaintiff has not determined if there is a circumstance that might affect the timing of discovery or trial.

3. *If Known, Whether Discovery, Including Depositions, Previously Provided in the Old Cases on the Same Issues Would Suffice in the New SNF Case (if the Government Consented to its Full Use in the New Case)* – The Plaintiff is not aware that the Government intends to file its "Standard Dispositive Motion" on the rate of SNF acceptance in this case. If the Government does file such a motion in this case, to the extent such a motion does not raise issues that were not present in connection with the motion in cases in which discovery has been taken, whether because of the posture of this case or the position of the Government, Plaintiff believes the previously conducted discovery in the older SNF cases should be sufficient except for supplemental responses, new documents, and deposition testimony related to such responses and documents. To the extent new issues were raised by the Government's motion, additional discovery would be necessary;

however, Plaintiff does not believe that joint or coordinated discovery would be appropriate.

4. *Additional Responses to the Government's Motion to Stay or Coordinate Discovery* – The Government has not filed an answer or a motion to stay or coordinate discovery in this case.

With the Court's permission, Plaintiff's counsel will attend the April 30, 2004, pre-discovery conference via telephone.

Dated: April 23, 2004

Respectfully submitted,

s/ M. Stanford Blanton
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8798
COUNSEL OF RECORD FOR
PLAINTIFF, NIAGARA MOHAWK
POWER CORPORATION

**OF COUNSEL:**

Ed R. Haden
K.C. Hairston
BALCH & BINGHAM LLP
1710 Sixth Avenue North
P. O. Box 306
Birmingham, AL 35204
Phone: (205) 251-8100
Fax: (205) 226-8798

## CERTIFICATE OF FILING

I hereby certify that on this 23rd day of April, 2004, I caused a copy of the foregoing to be filed electronically with the Court. Pursuant to the Court's General Order No. 2003-42, Part V., the Notice of Electronic Filing generated by the Court's Electronic Filing System at the time the foregoing was filed was automatically sent to all participants who are registered to use the Electronic Filing System. Pursuant to the Court's General Order No. 2003-42, Part V., electronic notification constitutes service under RCFC 5 and proof of service under RCFC 5.1. According to the Electronic Filing System, the following lead counsel for the opposing party in this case is registered on the Electronic Filing System:

Harold D. Lester, Jr.
Assistant Director
Commercial Litigation Branch
Civil Division -- Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 307-6288

Attorney for Defendant

s/ M. Stanford Blanton