# In the United States Court of Federal Claims

**ELECTRONIC CASE FILING**
**(Filed June 28, 2007)**

| | | |
|---|---|---|
| **NIAGARA MOHAWK POWER CORPORATION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | No. 04-124C |
| **v.** | ) | (Senior Judge Margolis) |
| | ) | |
| **THE UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## JOINT STATUS REPORT

Pursuant to this Court's Order dated December 13, 2006, the parties respectfully file this Joint Status Report regarding their agreed-upon position in connection with an extension of the current stay in this case.

In her order dated June 8, 2004, Judge Sypolt stayed the proceedings in this case until December 31, 2004, and required the parties to inform the Court as to the propriety of continuing the stay by December 20, 2004. On December 20, 2004, the parties filed a Joint Status Report requesting that the stay should be continued through at least June 30, 2005. On December 21, 2004, the Court transferred this case from Judge Sypolt to Senior Judge Margolis. On June 30, 2005, the parties filed a Joint Status Report requesting that the stay should be continued through at

least December 15, 2005. On December 15, 2005, the parties filed a Joint Status Report requesting that the stay should be continued through at least June 30, 2006. On December 22, 2005, your Honor continued the stay in this case until June 30, 2006. On June 30, 2006, the parties filed another Joint Status Report requesting that the stay should remain in place until December 15, 2006. On July 12, 2006, this Court continued the stay in this case until December 15, 2006, directing the parties to file another Joint Status Report on or before that date.

On December 7, 2006, the parties filed another Joint Status Report requesting that the stay should remain in place until June 29, 2006. On December 13, 2006, this Court continued the stay in this case until June 29, 2006, directing the parties to file another Joint Status Report on or before that date.

This action involves the sale of a nuclear plant and spent nuclear fuel. Approximately 59 cases involving the Government's actions in connection with spent nuclear fuel ("SNF") and/or high-level waste ("HLW") are currently pending in the Court of Federal Claims.

All parties agree that the Court should issue a modest and reasonable continuation of the stay of all proceedings, including filing and briefing on dispositive motions, until December 14, 2007. The parties agree that a stay of proceedings in this case will allow for possible efficiencies due to the resolution of legal and factual issues in other filed cases in which similar claims are being

pursued by other plaintiffs. These issues may include, among others, the takings issues for the sellers of nuclear plants. These issues have been or are expected to be presented in cases where the parties are briefing on dispositive motions. In an Order dated June 9, 2005, Judge Hodges granted the defendant's motion to dismiss a takings claim in *Canal Electric Co. v. United States*, No. 04-0035C (Fed. Cl.). In an Order dated February 15, 2005, Judge Lettow denied the defendant's motion to dismiss in *Boston Edison Co. v. United States*, No. 99-447C (Fed. Cl.), and trial in that case was completed on June 20, 2007. On April 25, 2006, Judge Hewitt granted summary judgment on the takings claim for spent nuclear fuel and held that the takings claim for Greater than Class C waste ("GTCC") was not ripe in *Pacific Gas & Electric Co. v. United States*, Nos. 04-0074C & 04-0075C (Fed. Cl.). In an order dated October 4, 2006, Senior Judge Merow held that the takings claim was not ripe in *Yankee Atomic Electric Co. v. United States*, No., 98-126C (Fed. Cl.). On October 13, 2006, Judge Hewitt again noted that the takings claims for GTCC were not ripe in *Pacific Gas & Electric Co. v. United States*, Nos. 04-0074C & 04-0075C (Fed. Cl.). Resolution of these issues in such cases could facilitate agreements by the parties in this lawsuit, or at a minimum, inform the Court's consideration of such issues if they remain contested and require resolution in this case.

The parties request that the stay be continued until at least Friday, December 14, 2007. By this date, there may be substantial guidance from other cases pending before the Court. At that time, the Court should allow the parties to submit another status report identifying their positions regarding further activity in the case in light of the status of activities in other cases.

As noted above, both parties desire this case to be stayed, and therefore desire to defer setting a schedule for the filing of any dispositive motions. Similarly, both parties believe that the jointly-requested stay will help to inform their decisions regarding their intent to file such motions, and that it is premature at this time to commit to filing such motions. The parties will file another joint status report by December 14, 2007, to inform the Court of the propriety of continuing the stay at that time.

Dated: June 28, 2007

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 305-7562
Fascimile: (202) 307-2503
COUNSEL OF RECORD FOR THE
UNITED STATES OF AMERICA

s/ M. Stanford Blanton
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8798
COUNSEL OF RECORD FOR
PLAINTIFF, NIAGARA MOHAWK
POWER CORPORATION

**OF COUNSEL:**

Ed R. Haden
K.C. Hairston
BALCH & BINGHAM LLP
1710 Sixth Avenue North
P. O. Box 306
Birmingham, AL 35201-0306
Phone: (205) 251-8100
Fax: (205) 226-8798

**CERTIFICATE OF FILING**

I hereby certify that on this 28th day of June, 2007, a copy of the foregoing "JOINT STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ M. Stanford Blanton