# In the United States Court of Federal Claims

**ELECTRONIC CASE FILING**
**(Filed September 8, 2008)**

| | | |
|---|---|---|
| **NIAGARA MOHAWK POWER CORPORATION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | No. 04-124C |
| **v.** | ) | (Senior Judge Margolis) |
| | ) | |
| **THE UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**NIAGARA MOHAWK POWER CORPORATION'S OPPOSITION TO THE GOVERNMENT'S MOTION TO COORDINATE DISCOVERY AND DEVELOP A LITIGATION PLAN FOR THE SPENT NUCLEAR FUEL CASES**

Plaintiff Niagara Mohawk Power Corporation opposes Defendant Government's Motion to Coordinate Discovery and Develop a Litigation Plan for the Spent Nuclear Fuel Cases because this case involves different issues with different discovery needs than most spent nuclear fuel ("SNF") cases.

## ARGUMENT

Coordinated discovery and a litigation plan are not appropriate because this case, unlike most SNF cases, involves the sale of a nuclear plant, Nine Mile Point-1, and a claim by the seller for diminished value that may be measured, in part, by the reduction in the sales price received from the buyer because the buyer would have to pay for post-sale storage of SNF given the Department of Energy's ("DOE's") breach of the particular standard contract for disposal of spent nuclear fuel and/or high-level radioactive waste (the "Standard Contract") applicable to that nuclear plant and its SNF. Most non-sellers' cases have addressed DOE's intent in executing the Standard Contract in 1983, and required discovery mostly from DOE documents

and personnel. *See, e.g.*, *Southern Nuclear Operating Co. v. United States*, 77 Fed. Cl. 396 (2007). In contrast, this seller's case will address how the purchasing utility adjusted its sales price in 2000 for post-sale SNF storage costs and will require discovery mostly from the purchasing utility's documents and personnel. Instead of involving repetitive requests for the same DOE evidence already produced in numerous other cases sharing common issues, this case will involve mostly different requests for different evidence yet to be produced by the purchasing utility because this case involves different issues. *See Boston Edison Co. v. United States*, 80 Fed. Cl. 468, 469 (2008) ("Although suits brought by utilities against the government for damages resulting from the non-performance by [DOE] . . . have become commonplace, this case is novel in that it involves the post-breach sale of a nuclear power plant and alleged damages measured by the diminution of the plant's value caused by DOE's non-performance."). This seller's case will not have DOE as a common, primary source of discovery and should not subject DOE to multiple, burdensome, and conflicting discovery orders. Accordingly, coordinated discovery and a litigation plan would not "significantly promote the efficient administration of justice." RCFC 40.2(b)(1).

The Government argued in its Motion that the Federal Circuit's resolution of *Yankee Atomic Elec. Co. v. United States*, Nos. 2007-5025, et al., 2008 WL 3089032 (Fed. Cir. Aug. 7, 2008), *Sacramento Municipal Utility District v. United States*, Nos. 2007-5052, et al., 2008 WL 3539880 (Fed. Cir. Aug. 7, 2008), and *Pacific Gas and Electric Co. v. United States*, No. 2007-5046, 2008 WL 3089272 (Fed. Cir. Aug. 7, 2008), may engender additional discovery on the issues of SNF acceptance rate, exchanges, and one-time fees that makes coordinated discovery and a litigation plan appropriate for all SNF cases. (Gov. Mot. 9.) These decisions, however, apparently resolved these issues instead of inviting further discovery.

In any event, these Federal Circuit decisions did not address issues in a seller's case. *Boston Edison*, 80 Fed. Cl. 468, a seller's case in which the Federal Circuit could address such issues, remains pending before the Federal Circuit (Fed. Cir. No. 2008-5066). After the Federal Circuit, and this Court on remand, reach a final judgment on all the issues in *Boston Edison*, individual fact issues requiring individual discovery needs from the purchasing utility will remain in this case. Consequently, the Government's reasons for coordinated discovery and a litigation plan are not well taken. Continuing the stay in this case until final judgment is reached in *Boston Edison*, however, will allow identification of individual damages issues and utility-specific discovery needs that may aid in the litigation of this case.

## CONCLUSION

For the foregoing reasons, the Government's Motion should be denied.

Dated: September 8, 2008

Respectfully submitted,

s/ M. Stanford Blanton
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8798

COUNSEL OF RECORD FOR PLAINTIFF, NIAGARA MOHAWK POWER CORPORATION

**OF COUNSEL:**
Ed R. Haden
K.C. Hairston
BALCH & BINGHAM LLP
1710 Sixth Avenue North
P. O. Box 306
Birmingham, AL 35201-0306
Phone: (205) 251-8100
Fax: (205) 226-8798

**CERTIFICATE OF FILING**

I hereby certify that on this 8th day of September, 2008, a copy of the foregoing "NIAGARA MOHAWK POWER CORPORATION'S OPPOSITION TO THE GOVERNMENT'S MOTION TO COORDINATE DISCOVERY AND DEVELOP A LITIGATION PLAN FOR THE SPENT NUCLEAR FUEL CASES" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ M. Stanford Blanton